IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GARAY | : | CIVIL ACTION |
| v. | : | |
| GEORGE PATRICK, et al. | : | NO. 05-CV-5669 |

## **MEMORANDUM AND ORDER**

Ditter, J.                                                                                                                    February 5, 2010

      This case comes before me on a *habeas corpus* petitioner's objections to the proposed findings, recommendations, and report of the magistrate judge. Concluding that those proposed findings are amply supported by the record and that the learned magistrate judge carefully and accurately applied the law, I will adopt and approve his report and recommendations, overrule the petitioner's objections, and deny his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

      On March 20, 2003, the petitioner, Jose Garay, was convicted of possession of a controlled substance and possession with intent to deliver a controlled substance following a non-jury trial in the Court of Common Pleas of Philadelphia County. The trial consisted of the testimony of the arresting officer and the testimony of Garay. The arresting officer testified that he had observed a drug transaction on a known drug street corner between Garay and two other individuals. The officer testified further that Garay was the individual who sold the drugs and when the officer approached, the buyers dropped ten packets of heroine (valued at $100) that were recovered at the scene. Garay was arrested with $100 in his possession. Garay testified that he was not a drug dealer but merely an addict purchasing heroine for his personal use.

Trial counsel sought to cast doubt on the testimony of the arresting officer by challenging his testimony in two ways: 1) the frequency of police officer testimony that drugs are dropped at the time of arrest; and 2) potential bias of the officer due to overtime income earned for testifying at trial. On cross-examination, the officer testified that this arrest took place in a high drug area, and that he had made approximately 150 arrests in a one block radius of the location of thiis arrest in the previous four and one-half years. He testified further that those arrests resulted in overtime pay for appearing in court at trial and acknowledged that he made out well financially because of the overtime. Trial counsel sought to elicit testimony about the specific amount of overtime pay received by the officer to establish bias but the trial court did not permit further cross-examination this issue.

On July 21, 2003, the trial court found Garay guilty and sentenced him to 21 to 42 months' imprisonment. Garay filed a timely direct appeal to the Superior Court of Pennsylvania. On appeal, Garay argued that his federal and state constitutional rights to confrontation, due process, effective assistance of counsel and to present a defense were denied by the trial court's limitation on the cross-examination of the arresting officer. The Superior Court affirmed the judgment of sentence on October 27, 2004, concluding that the admission of evidence, including the scope and manner of cross-examination, was within the sound discretion of the trial court and would be reversed only upon a showing that the trial court clearly abused its discretion. The Superior Court found no abuse of discretion where the essential fact upon which Garay based his claim of bias - the officer's overtime pay resulting from coming to court - was placed on the record. *See Commonwealth v. Garay*, No. 2392 EDA 2003 (Pa. Super. Oct. 27, 2004) slip. op. at 5-7. Garay did not seek *allocatur* or collateral review in the state court.

On October 26, 2005, Garay filed this counseled application for federal *habeas corpus* relief. After considering the Commonwealth's response, Magistrate Judge Arnold Rapoport filed a report and recommendation denying relief. Judge Rapoport concluded that the state court had decided the federal constitutional claim, its decision was entitled to deference, and that Garay had failed to identify Supreme Court precedent that would require a different result. The same day the report and recommendation was filed, Garay filed a reply to the Commonwealth' arguments. The reply was not addressed by the Magistrate Judge. These objections followed.[1]

## DISCUSSION

At issue, is Garay's claim that neither the state courts, nor the Magistrate Judge ever considered his claim under federal constitutional law, instead rejecting the claim on state evidentiary grounds. As a result, he contends that this court is required to conduct a *de novo* review without deference to the state court decision. Further, he contends that even if the state court decision had addressed his federal constitutional argument, the decision is an unreasonable application of established United States Supreme Court precedent. I disagree.

Under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq*., federal *habeas corpus* relief cannot be granted on a claim that was "adjudicated on the merits" in state court unless the adjudication "resulted in a decision that was contrary to , or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A claim has been adjudicated on the merits "when the state court has made a

---

[1] This case was transferred to my docket on April 28, 2009.

decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009). If the state court did not reach the merits of the claim, this deferential standard does not apply and the *habeas* court must conduct a *de novo* review. *Id.* The *habeas* court must afford the factual findings of the state trial and appellate courts a presumption of correctness unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

It is uncontested that Garay raised his claim that cross-examination was improperly limited as a federal constitutional claim in the state courts. Without any discussion of the merits of Garay's constitutional challenge or reference to federal law, the Superior Court considered Garay's claim and determined that the trial court acted within its discretion. Garay contends this evidences the state court's failure to consider his federal constitutional challenge.

On the contrary, as suggested by the Commonwealth, the Superior Court's determination that the trial court did not err should be treated as a *sub silentio* rejection of the federal law claims and the AEDPA's deferential standard applies. *See Thomas v. Carroll*, 581 F.3d 118, 124 (3d Cir. 2009) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002) (AEDPA deference "does not require citation of [Supreme Court] cases - indeed, it does not even require awareness of [such] cases, so long as neither the reasoning nor result of the state court decision contradicts them.")) Where the issue is plainly before the Superior Court, and the state court decision is consistent with applicable Supreme Court precedent, the decision is entitled to deference and *de novo* review is prohibited. *Id.* Thus, Garay is entitled to federal *habeas* relief only if the Superior Court's determination was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

Garay does not contend that the issue of bias or motivation of the police officer was not before the trial court, but that the trial court was required to permit further cross-examination to elicit the amount of overtime earned by the officer. In other words, he wanted to "develop[] 'how well' the officer made out with overtime." *Pet. Obj*. 12. Garay has not provided any Supreme Court precedent that addresses this precise issue nor have I found any such precedent, therefore, I must conclude that the Superior Court's determination that the trial judge did not abuse its discretion by limiting cross-examination was not "contrary to" Supreme Court precedent. *Thomas*, 581 F.3d at 124.

Next, I consider whether the Superior Court's decision was an "unreasonable application of" clearly established federal law.

> "[A]n unreasonable application of Supreme Court precedent occurs when a state court applies the correct rule to specific facts in an objectively unreasonable way." *Fischetti v. Johnson*, 384 F.3d 140, 148 (3d Cir. 2004). Importantly, a "court that unreasonably extends a rule in a new context or, in the alternative, unreasonably fails to extend a rule may also be deemed to unreasonably apply the correct rule." *Id*. "In reviewing the reasonableness of the state courts' application of Supreme Court precedent, we must use as our point of departure the specific holdings of the Court's decisions." *Id*. at 151.

*Thomas*, 581 F.3d at 124-25.

Garay cites two Supreme Court cases, *Davis v. Alaska*, 415 U.S. 302 (1974), and *Delaware v. Van Arsdall*, 475 U.S. 673 (1986) to support his claim that the Superior Court was unreasonable in its application of Supreme Court precedent. *Davis* and *Van Arsdall* recognize that "the exposure of a witness' motivation in testifying is a proper and important function of the

constitutionally protected right of cross-examination." *Davis*, 415 U.S. at 316-17; *Van Arsdall*, 415 U.S. at 678-79. However, this general rule is qualified by recognition of the fact that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limitations on [] cross-examination . . .." *Van Arsdall* , 415 U.S. at 479. "The Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis in original)).

In a non-jury trial, where the trial court permitted testimony that the police officer "made out well" with overtime earned from court appearances, but did not allow further cross-examination as to the amount earned, the witnesses' motivation was sufficiently exposed to satisfy the Confrontation Clause. Thus, the Superior Court's decision is not an unreasonable application of federal law.

Garay's objections are overruled. An appropriate order follows.